### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

GARY WASHINGTON                                  CIVIL ACTION

VERSUS                                           NO. 15-1814

AMERICAN COMMERCIAL LINES, L.L.C.,               SECTION "B"(5)
ET AL.

<u>ORDER AND REASONS</u>

Before the Court is Wal-Mart Transportation, LLC's Motion for
Summary Judgment. Rec. Doc. No. 14. Specifically, Walmart seeks
dismissal of Plaintiff Gary Washington's ("Washington") suit
against it with prejudice because there is no genuine issue as to
any material fact. Rec. Doc. No. 14-1. Plaintiff submitted a
Memorandum in Opposition to Walmart's motion, alleging that there
are genuine issues of material fact. Rec. Doc. No. 19. Co-
Defendant, American Commercial Lines, LLC ("ACL"), also filed a
Memorandum in Opposition to the Motion for Summary Judgment. Rec.
Doc. No. 20. Walmart filed a Reply Memorandum in support of its
Motion for Summary Judgment. Rec. Doc. No. 24.

For the reasons stated below, **IT IS ORDERED** that Walmart's
Motion for Summary Judgment is **DENIED**.

I.    **FACTS AND PROCEDURAL HISTORY**

On March 10, 2015, Plaintiff was the passenger in a 2014 Jeep
Cherokee driven by his co-worker, Mica Norsworthy. Rec. Doc. No.
14-8 at 1; Rec. Doc. No. 20-4 at 1. Both Plaintiff and Norsworthy
worked for ACL at the time. Rec. Doc. 14-8 at 1; Rec. Doc. No. 20-

1

4 at 1. Plaintiff was employed by ACL as a Jones Act Seaman. Rec. Doc. 1 at 2. While Norsworthy and Plaintiff travelled on I-10 West through Calcasieu Parish, Louisiana, an accident occurred between the Jeep Cherokee and a Walmart tractor-trailer. Rec. Doc. No. 14-8 at 2; Rec. Doc. 20-4 at 3.  Walmart employee Edward Harris ("Harris") was driving the tractor-trailer at the time of the accident. Rec. Doc. No. 14-8 at 2; Rec. Doc. 20-4 at 2.  The portion of the interstate where the accident occurred is divided into three lanes. Rec. Doc. No. 14-8 at 2; Rec. Doc. No. 20-4 at 2.  Plaintiff was asleep at the time of the accident. Rec. Doc. 14-8 at 3; Rec. Doc. No. 20-4 at 5.

After the accident occurred, Louisiana State Trooper Andrew Leonards ("Leonards") arrived at the scene. Rec. Doc. 14-8 at 2; Rec. Doc. 20-4 at 3.  Leonards first took verbal statements from the drivers, which he used to create his police report.  Rec. Doc. No. 14-3 at 13; Rec. Doc. No. 14-5 at 6; Rec. Doc. 20-4 at 3. Leonards later based his deposition testimony on that police report.  Rec. Doc. No. 14-4 at 3; Rec. Doc. No. 20-3 at 2.  In his deposition, Leonards testified that Norsworthy told him that while he was in the left lane attempting to pass the tractor-trailer, the Jeep Cherokee began to vibrate and entered the middle lane, swiping the tractor-trailer. Rec. Doc. No. 14-4 at 3. Leonards ultimately issued Norsworthy a citation for improper lane usage

pursuant to La. R.S. 32:79.[1]  Rec. Doc. No. 14-4 at 4; Rec. Doc. No. 19 at 3.  Leonards further testified that when he questioned Harris about the accident, Harris stated that Norsworthy's vehicle crossed from the left lane into the middle lane and struck the tractor-trailer. Rec. Doc. No. 14-4 at 3.

Shortly after the accident, and after taking verbal statements, Leonards took written statements from Norsworthy and Harris.  Rec. Doc. No. 14-4 at 9; Rec. Doc. No. 19 at 2.  Norsworthy wrote that as he was in the left lane attempting to pass the tractor-trailer (which was in the middle lane), the tractor-trailer was "wobbling" and "side-swipe[d] the passenger side." Rec. Doc. No. 14-4 at 3; Rec. Doc. 20 at 10.  Norsworthy also wrote that his own vehicle was shaking while he was attempting to pass the tractor-trailer. Rec. Doc. No. 14-4 at 3; Rec. Doc. 20 at 10. In his deposition, Norsworthy stated that he did not cross the line into the middle lane. Rec. Doc. No. 14-5 at 7; Rec. Doc. 19-1 at 4.

Harris's written statement alleges that, while driving in the middle lane of the interstate, Norsworthy's Jeep entered his lane and hit the left side of his tractor-trailer. Rec. Doc. No. 14-7

---

[1] La. R.S. 32:79 states, "Whenever any roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

at 8. Harris's deposition gives the same information. Rec. Doc. No. 14-3 at 5.

On May 29, 2015, Plaintiff sued Walmart and ACL for negligence. Rec. Doc. No. 1. Plaintiff alleges he suffered injuries in the accident that have rendered him unable to return to work. Rec. Doc. No. 1 at 4. Accordingly, Plaintiff seeks compensatory, special, and general damages as well as maintenance and cure from ACL. Rec. Doc. No. 1 at 3.

## II. THE PARTY'S CONTENTIONS

Walmart contends that it is entitled to summary judgment because there is no genuine dispute as to any material facts relevant to its liability. Rec. Doc. No. 14 at 1. Specifically, Walmart alleges that the testimony of Harris and Leonards proves that the accident was Norsworthy's fault, and thus demonstrates that there is no genuine issue as to the fact that Norsworthy, not Harris, caused the accident. Rec. Doc. No. 14-1 at 4. Walmart depends on deposition testimony given by Harris and Leonards, as well as Leonard's police report and the citation that Leonard gave to Norsworthy for improper lane usage in violation of La. R.S. 32:79. Rec. Doc. No. 14-1 at 4-10.

Plaintiff contends that there are genuine issues of material fact that prevent summary judgment. Rec. Doc. No. 19. Plaintiff argues that Norsworthy and Harris give different accounts as to what caused the accident, which constitutes a disputed material

fact.  Rec. Doc. No. 19 at 5.  Further, Plaintiff argues that the ticket given to Norsworthy is not conclusive proof that Norsworthy is at fault for the collision.  Rec. Doc. No. 19 at 6.

ACL also asserts that there are genuine issues of material fact because the two drivers involved in the accident have directly conflicting accounts as to the cause of the accident. Rec. Doc. No. 20 at 1. Further, ACL argues that both the police report and the traffic ticket given to Norsworthy are inadmissible. Rec. Doc. No. 20 at 13. ACL also claims to have standing to contest Walmart's motion. Rec. Doc. No. 20 at 12.

Finally, Walmart contends in its Reply Memorandum that ACL lacks standing to contest Walmart's Motion for Summary Judgment. Rec. Doc. No. 21-2 at 1.  Walmart also reiterates that, because Norsworthy admitted to improper lane usage, there is no genuine issue of material fact. Rec. Doc. No. 21-2 at 2.

## III. STANDARD OF LAW

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(citing Fed. R. Civ. P. 56(c)).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997), the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323(citing Fed. R. Civ. P. 56). If the movant carries this burden, the nonmovant must go beyond the pleadings and use "the record as a whole", which includes affidavits, depositions, interrogatory responses, admissions, or other evidence, to establish a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

However, "[W]here the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "Only when 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party' is a full trial on the merits warranted." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

## IV.   DISCUSSION

### A. ACL HAS STANDING TO OBJECT TO WALMART'S MOTION FOR SUMMARY JUDGMENT

The Court will first address Walmart's argument that ACL lacks standing to object to Walmart's Motion for Summary Judgment.  The Eastern District of Louisiana has held that "co-defendants do not have standing to oppose a defendant's motion for summary judgment **when the motion is unopposed by the plaintiff**." *Dorvin v. 3901 Ridgelake Drive, LLC*, No. 11-0069, 2012 WL 1057599, at *4 (E.D. La. Mar. 27, 2012) (emphasis added) (c*iting Thurman v. Wood Group Prod. Services, Inc.,* No. 09-4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010)). *See also C.F. Bean Corp. v. Clayton Indus., Ltd.,* No. 95-0161, 1996 WL 470644 (E.D. La. Aug. 19, 1996). Walmart cited these same cases in support of their claim that ACL lacks standing but, evidently in an attempt to mislead the Court, left out the emphasized portion above.

In the present case, Walmart's Motion for Summary Judgment was opposed by the plaintiff. Rec. Doc. No. 19.  Accordingly,

although ACL is a co-defendant and there are no cross-claims, ACL has standing to oppose Walmart's motion for summary judgment.

   B. <u>GENUINE ISSUES OF MATERIAL FACT EXIST</u>

   The Court will next address whether there are genuine issues of material fact. Walmart argued that its assertion of no genuine dispute of any material fact is substantiated by the information in the police report and the traffic citation given to Norsworthy. Rec. Doc. No. 14-1 at 17. Walmart further argued that Norsworthy made unsubstantiated assertions when stating that (1) he did not tell Leonards that he crossed the center line, (2) the tractor-trailer entered the left lane, and (3) the tractor-trailer was wobbling across the line. Rec. Doc. No. 14-1 at 17. Walmart claimed that Norsworthy's assertions, which were made over a year after the accident, are not enough to satisfy Plaintiff's burden of proof against Walmart. Rec. Doc. No. 14-1 at 17. Walmart also pointed to the lack of independent witnesses available to verify Norsworthy's assertions. Rec. Doc. No. 14-1 at 17. In response to Walmart's claims that the police report and traffic citation prove that there is no issue of material fact, ACL challenged the admissibility of the police report and the traffic citation. Even assuming *arguendo* that the police report and traffic citation are admissible summary judgment evidence, genuine issues still remain regarding the material issue of causation. *See Perkins v. Entergy Corp.*, 2000-C-1372 (La. 3/23/01); 782 So. 2d 606, 611. (holding

that Louisiana predominantly uses the duty/risk analysis, which includes the following elements: duty, breach, cause-in-fact, legal cause, and damages).

A material fact is a fact that could "affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 2548. Further, when determining whether an issue is "genuine" for the purposes of summary judgment, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence." *Barnes v. Darby*, 98-CA-738726 (La. App. 5 Cir. 1/26/99); So. 2d 491, 493.

In his deposition, Harris testified that while he was driving in the middle lane, Norsworthy crossed the white line into the middle lane and hit the tractor-trailer. Rec. Doc. No. 14-3 at 5, 8, and 9. On the contrary, Norsworthy testified in his own deposition that, as he was passing the tractor-trailer, the tractor-trailer entered the left lane and side-swiped his vehicle. Rec. Doc. No. 20-1 at 3 and 7. Norsworthy's testimony regarding who caused the accident directly conflicts with Harris's testimony. To choose one witness's testimony over the other's would require a credibility determination. This court cannot make credibility determinations for the purposes of summary judgment. *See Barnes*, 726 So. 2d at 494 (holding that summary judgment is improper when it requires weighing the credibility of witnesses and choosing one side's version of the accident over the other).

However, Walmart cites to *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004), when alleging that "[a] party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." Rec. Doc. 14-1 at 17.  However, *Vais* is not persuasive here for several reasons.  First, Norsworthy's testimony is not self-serving in this case, because he is not a party to this litigation.  Moreover, the *Vais* court specifically found the affidavit in that case unpersuasive because it only vaguely addressed the *subjective* issue of intent in a trademark case.  *Vais Arms,* 383 F.3d 287 at 294 (emphasis added). That reasoning does not apply here, meaning *Vais* is not instructive.

Further, the Federal Rules of Civil Procedure state that parties may present deposition testimony to prove that a fact is genuinely disputed.[2]  Fed. R. Civ. P. 56(c)(1).  Accordingly, Norsworthy's deposition testimony is sufficient to show that the facts regarding who caused the accident are genuinely disputed.

Finally, Walmart points out that there are no independent witnesses to verify Norsworthy's placement of the point of impact

---

[2] Fed. R. Civ. P. 56(c)(1) states "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

in the left lane. While this is true, there are also no independent witnesses to verify Harris's placement of the point of impact in the middle lane, as Norsworthy and Harris were the only witnesses to this accident. Therefore, Norsworthy's testimony is sufficient to raise a genuine issue of fact as to causation.

**C. CONCLUSION**

For these reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 15th day of June, 2016.


_____
UNITED STATES DISTRICT JUDGE